UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BENJAMIN JEAN RUIZ,<br><br>　　　　Defendant. | Case No. 22-cv-00802-SI<br><br>**ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM** |

The Court has received plaintiff Scott Johnson's response to the Court's Order to Show Cause. For the reasons set forth below, the Court is not persuaded by Johnson's arguments in favor of retaining supplemental jurisdiction, and the Court will exercise its discretion and decline supplemental jurisdiction over Johnson's Unruh Act claim.

The Ninth Circuit has instructed that when declining to exercise jurisdiction for a state-law claim under 28 U.S.C. § 1367(c)(4), "a district court must: (1) sufficiently explain 'why the circumstances of the case are exceptional under § 1367(c)(4); and (2) show that the balance of the *Gibbs* values provides compelling reasons for declining jurisdiction in such circumstances.'" *Vo v. Choi*, __ F.4th __, 2022 WL 4362289, at *4-5 (9th Cir. Sept. 22, 2022) (quoting *Arroyo v. Rosas*, 19 F.4th 1202, 1210-11 (9th Cir. 2021)); *see also Acri v. Varian Assocs.*, *Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (referring to the "*Gibbs* values of economy, convenience, fairness, and comity") (citations omitted).

This case is exceptional because Johnson is a "high-frequency litigant" who has filed over 2,500 construction barrier cases in the Northern District of California since 2015. *Scott Johnson v. Shasta Corp.*, Case No. 20-cv-00703-HSG (RMI), 2022 WL 789018, at *6 (N.D. Cal. Feb. 24, 2022)

(stating Johnson meets the California Code of Civil Procedure definition of "high-frequency litigant" and "has filed at least 47 [construction barrier] cases in this court in the last two months alone, and more than 2500 such cases in this court since 2015" and that Johnson has "engage[d] in forum-shopping to circumvent the restrictions that California has imposed on Unruh Act claims alleging construction-related accessibility claims simply by hiding behind § 1367(a)'s grant of supplemental jurisdiction and filing their Unruh Act claims in federal court by combining an Unruh Act monetary claim with an ADA claim for injunctive relief . . . ."). The Court shares the concerns raised by numerous other courts about the "'affront to the comity between federal and state courts' to allow plaintiffs to evade California's procedural requirements [for construction barrier cases brought by high-frequency litigants] by bringing their claims in federal court." *Vo*, 2022 WL 4362289, at *4; *see also Arroyo*, 19 F.4th at 1212 ("[W]e think that the district court had ample basis to reasonably infer that the post-2015 surge in ADA filings in the Central District was caused by California's 2015 adoption of new procedural requirements that placed substantial burdens on filing such cases in state court."). As the Ninth Circuit has recognized, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded" by plaintiffs filing ADA-based Unruh Act claims in federal court. *Id*. at 1212-13. Thus, the interests of fairness and comity weigh in favor of declining jurisdiction.

In addition, the Court has not made any determination on the merits of Johnson's ADA claim, and thus the concerns about judicial economy that animated the *Arroyo* decision are not implicated here. *See Vo*, 2022 WL 4362289, at *5 (stating that the "fatal flaw" identified in the *Arroyo* district court's order was that it declined supplemental jurisdiction after granting summary judgment, and that those concerns are not at issue where district court declined supplemental jurisdiction after entry of default but prior to granting default judgment on ADA claim). Johnson is free to pursue his Unruh Act claim in state court. While concurrent federal and state litigation may not be convenient for Johnson, the Court finds that on balance, the interests of fairness and comity strongly counsel in favor of declining supplemental jurisdiction over Johnson's Unruh Act claim.

The Court will hold a hearing on Johnson's motion for default judgment on the ADA claim on Friday October 14. As the only relief available under the ADA is injunctive relief, counsel and Mr. Johnson should be prepared to address, *inter alia*, whether Mr. Johnson – who does not reside

in the Northern District of California – actually intends to visit defendant's restaurant in the future.

**IT IS SO ORDERED**.

Dated: October 12, 2022

_____
SUSAN ILLSTON
United States District Judge