UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BENJAMIN JEAN RUIZ,<br><br>        Defendant. | Case No. 22-cv-00802-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON ADA CLAIM AND GRANTING IN PART REQUEST FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. Nos. 23, 25 |

On October 14, 2022, the Court held a hearing on plaintiff Scott Johnson's motion for default judgment. Mr. Johnson and his counsel appeared at the hearing, and no one appeared on behalf of defendant Benjamin Jean Ruiz.

Johnson seeks default judgment on his claim under the Americans with Disabilities Act ("ADA"), injunctive relief, and reasonable attorney's fees and costs.[1] Under the ADA, aggrieved individuals "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (quoting 42 U.S.C. § 12188(a)(2)).

The Court has reviewed the motion and supporting declarations and exhibits. The Court finds that it has jurisdiction over the subject matter and the parties to the case, that service on defendant Benjamin Jean Ruiz was proper, and that the factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), support default judgment. Johnson, who uses a wheelchair, submitted a declaration stating that he visited defendant's restaurant, Pupuseria Mi Chalateca, on

---

[1] Johnson initially also sought judgment and statutory damages pursuant to the Unruh Act, but the Court declined supplemental jurisdiction over that state law claim.

two occasions and encountered several accessibility barriers. Johnson has also submitted a declaration from an accessibility investigator who visited Pupuseria Mi Chalateca in January 2022. That declaration establishes that the following accessibility barriers exist at defendant's restaurant: (1) lack of wheelchair accessible dining surfaces inside and outside of the restaurant due to insufficient clearance under the tables; (2) lack of wheelchair accessible paths of travel in the restaurant; and (3) the restroom is not in conformance with ADA standards because the plumbing underneath the sink is not wrapped to protect against burning contact. *See* Marquis Decl. ¶¶ 1-5 (Dkt. No. 23-5). The Court finds that Johnson has demonstrated that defendant has violated the ADA by operating a restaurant that has these barriers.

In response to the Court's questioning, Johnson stated at the hearing that he intends to return to Pupuseria Mi Chalateca, and that he is in the Bay Area on a weekly basis. Based upon these representations, the Court is satisfied that there is a basis to grant Johnson injunctive relief under the ADA. Accordingly, the Court GRANTS Johnson's motion for default judgment and Johnson's request for injunctive relief directing defendant to remove the identified barriers and bring the dining surfaces, paths of travel and restroom into compliance with ADA standards.

Johnson also requests $3,570.00 in attorneys' fees and $902 in costs. The ADA provides that a district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. When determining a reasonable fee award, the Court calculates the "lodestar figure," or presumptive award, by multiplying the hours reasonably spent on the litigation by the attorney's reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

The Court has carefully reviewed Johnson's fee request, including the supporting declarations and the invoice containing the time entries describing the work performed by the attorneys, paralegals and assistants on this case. This Court agrees with its colleagues in the Northern District that the hourly rates requested are somewhat too high for all of the reasons

discussed at length in *Johnson v. Mediterranean Grill House, Inc.*, Case No. 21-cv-05815-BLF, 2022 WL 3925283, at * (N.D. Cal. Aug. 31, 2022), *Johnson v. Ramirez*, Case No. 20-cv-04359-TSH, 2022 WL 1019554, at *9-12 (N.D. Cal. Mar. 15, 2022), *report and recommendation adopted* 2022 WL 1016573 (N.D. Cal. Apr. 2022), and *Johnson v. An Khang Mi Gia*, Case No. 5:21-cv-01702-BLF, 2021 WL 5908389, at *6-9 (N.D. Cal. Dec. 14, 2021). Accordingly, consistent with those decisions, the Court awards the following hourly rates: Russell Handy $475/hour, Amanda Seabock $350/hour, Sara Gunderson $300/hour, Dennis Price $350/hour, Marcus Handy and all other assistants $100/hour.

Johnson requests fees based on 9.8 hours of work. Courts in this district have found between 6-6.5 hours reasonable for similar cases. *See Johnson*, 2021 WL 5908389, at *10 (finding 6.1 hours of work to be reasonable in ADA default action, and collecting cases). Three and a half hours of this time was performed by many different paralegals and assistants. As other courts have found, it is unreasonable for this litigation to have passed through thirteen legal assistants, "which creates inherent duplication of effort and inefficiencies." *Johnson*, 2022 WL 3925283, at *6 (reducing paralegal and staff hours from 6.7 to 3.0 hours in substantially similar ADA default case); *Johnson v. Pennylane Frozen Yogurt, LLC*, 2022 WL 1750382, at *6 (N.D. Cal. May 31, 2022) (reducing paralegal and staff hours from 5.0 to 3.0 hours). The Court also notes that some of this paralegal/assistant time was spent on the initial defective motion for entry of default. The Court reduces the paralegal and assistant time to 2.0 hours.

The remaining 6.3 hours claimed by plaintiff is for attorney time. The Court finds that some of this time is not reasonable given the straightforward nature of Johnson's claims, counsel's extensive experience representing Johnson in disability access cases substantially identical to this case, and the boilerplate nature of plaintiff's submissions. Mr. Handy and Ms. Seabock each spent 1 hour on pre-filing investigation, including tasks such as giving instructions to the investigator, fact-gathering, and analyzing Johnson's claims. The Court reduces this time to .5 for Mr. Handy (who has 20 years of experience) and .7 to Ms. Seabock. Ms. Seabock also claimed .2 hours, or 12 minutes, for reviewing the Clerk's notice and ECF about the case reassignment. That task could not have taken more than a few minutes total; the Court deducts another .1 from Ms. Seabock's time.

Finally, the Court finds that the time spent on the default motion is unreasonable given the cookie cutter nature of the filing and the fact that plaintiff's counsel files virtually identical declarations in support of the default motions in the thousands of cases the firm litigates, including hundreds involving Johnson in 2022 alone. Accordingly, the Court reduces Ms. Gunderson's time from 2.7 hours to 2 hours. The Court awards a total of $1,807.50 in attorney's fees (.5 hours for Mr. Handy at $475/hour; 1.9 hours for Ms. Seabock at $350/hour; 2 hours for Ms. Gunderson at $300/hour; .3 hours for Mr. Price at $350/hour; and 2 hours of paralegal/assistant time at $100/hour).

The costs claimed by plaintiff are appropriate, and the Court awards $902 in costs.

**IT IS SO ORDERED**.

Dated: October 18, 2022

SUSAN ILLSTON
United States District Judge